| | |
|---|---|
| 1 | Bryan A. Merryman (SBN 134357) |
| 2 | bmerryman@whitecase.com<br>WHITE & CASE LLP |
| 3 | 555 S. Flower Street, Suite 2700<br>Los Angeles, CA  90071-2433 |
| 4 | Telephone:  (213) 620-7700<br>Facsimile:  (213) 452-2329 |
| 5 | Attorneys for Defendant |
| 6 | GERBER PRODUCTS COMPANY |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STACIA CULLORS, an individual; LAYLA CULLORS, NOELANI CULLORS and VIVIENNE CULLORS, through their guardian ad litem STACIA CULLORS; ANTHONY BACANI, an individual; DAHLIA BACANI and ELIAS BACANI, through their guardian ad litem ANTHONY BACANI; JENNIFER CULLORS, an individual; AVA CULLORS and JOSHUA CULLORS, through their guardian ad litem JENNIFER CULLORS, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEECH-NUT NUTRITION COMPANY; NURTURE, INC.; PLUM, INC. d.b.a. PLUM ORGANICS; GERBER PRODUCTS COMPANY; WALMART, INC.; SPROUT FOODS, INC.; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No.   2:22-CV-2324<br><br>**DEFENDANT GERBER PRODUCTS COMPANY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332(d), 1441, 1446, 1453]** |

- 1 -

**NOTICE IS HEREBY GIVEN** that pursuant to 28 U.S.C. §§ 1441, and 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, defendant Gerber Products Company ("Gerber") hereby removes this action to this Court from the Superior Court of the State of California for the County of Los Angeles.

Pursuant to 28 U.S.C. § 1446(a), Gerber hereby provides the following statement of the grounds for removal:

## BACKGROUND

1. On February 25, 2022, plaintiffs Stacia Cullors, Layla Cullors, Noelani Cullors, Vivienne Cullors, Anthony Bacani, Dahlia Bacani, Elias Bacani, Jennifer Cullors, Ava Cullors and Joshua Cullors (collectively, "Plaintiffs") filed a civil complaint ("Complaint") against defendants Beech-Nut Nutrition Company, Nurture, Inc., Plum, Inc. d.b.a. Plum Organics, Gerber, Walmart, Inc. and Sprout Foods, Inc. (collectively, "Defendants") in Los Angeles County Superior Court. In accordance with 28 U.S.C. § 1446(a), the Complaint and all other process, pleadings, and orders filed in the state court action are attached as **Exhibit A**.

2. The Complaint principally alleges Defendants represented to consumers that their baby food products were nutritious and healthy, and failed to disclose that the products contain toxic heavy metals. Compl. ¶ 11.

3. Plaintiffs assert the following claims: violation of California's Unfair Competition Law, Bus. and Prof. Code §§ 17200, *et seq.*; violation of California's Consumer Legal Remedies Act, Civ. Code §§ 1750, *et seq.*; strict product liability (failure to warn); negligence (failure to warn); negligent product design; negligent manufacturing; negligent misrepresentation; and unjust enrichment. *See id.* ¶¶ 71-176.

4. Plaintiffs bring their claims on behalf of themselves and a putative class of California consumers who purchased Defendants' baby food products from September 2009 to December 2021. *See id.* ¶¶ 68-69.

## REMOVAL TO THIS COURT IS TIMELY

5. Section 1446(b) provides that removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

1  claim for relief upon which such action or proceeding is based, or within 30 days after the service
2  of summons upon the defendant if such initial pleading has then been filed in court and is not
3  required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

4      6.    Removal is timely because Gerber filed this Notice on April 6, 2022. Plaintiffs have
5  not yet served their Complaint on any defendant.

**VENUE**

7      7.    This case is properly removed to this District because the Superior Court of the State
8  of California for the County of Los Angeles, where Plaintiffs commenced this action, is located
9  within the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2); *see generally*
10 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a).

11     8.    In accordance with 28 U.S.C. § 1446(d), Gerber will promptly provide written notice
12 of removal of this action to Plaintiffs and will promptly file a copy of this Notice of Removal with
13 the Clerk of Court for the Superior Court of the State of California for the County of Los Angeles.
14 A copy of the notice to be filed in the state court action is attached as **Exhibit B**.

**REMOVAL IS PROPER BASED ON CAFA**

16     9.    "To remove a case from state court to a federal court, a defendant must file in the
17 federal forum a notice of removal 'containing a short and plain statement of the grounds for
18 removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting
19 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions."
20 *Id.*; *see also Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) (reaffirming "in CAFA
21 removal cases," a "removing defendant's notice of removal need not contain evidentiary
22 submissions but only plausible allegations of the jurisdictional elements") (internal quotation marks
23 and citation omitted).

24     10.    This action is within the original jurisdiction of this Court, and removal is, therefore,
25 proper under CAFA. Congress enacted CAFA to expand federal court jurisdiction over proposed
26 class actions. *See Dart Cherokee*, 574 U.S. at 89 (citing S. Rep. No. 109-14, at *43, *as reprinted*
27 *in* 2005 U.S.C.C.A.N. 3, *41, 109 S. Rpt. 14). The Supreme Court in *Dart Cherokee* made clear
28 that, unlike other statutes of removal, "no antiremoval presumption attends cases invoking CAFA,

which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

11. CAFA provides that a class action may be removed to federal court if: (1) any members of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant; (2) the aggregate amount in controversy exceeds $5 million; and (3) the proposed plaintiff class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(2), (5)-(6).

12. This Court may make reasonable deductions, reasonable inferences, or other reasonable extrapolations to determine whether the jurisdictional requirements for removal are met. *See Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.") (internal quotations marks and citation omitted); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1229 (9th Cir. 2019).

13. As explained more fully below, this actions satisfies each requirement of section 1332(d)(2) for original CAFA jurisdiction.

**This Is a Covered Class Action**

14. According to the Complaint, "certification of this class action is appropriate under California *Code of Civil Procedure* section 382 and California *Civil Code* section 1781" and "Plaintiffs bring their causes of action on behalf of themselves and all others similarly situated" in the following proposed class:

> all persons or entities who, within the State of California, from September 2009 through December 2021 . . . , who purchased and/or consumed [Defendants' Baby Food], which contain high levels of toxic heavy metals including mercury, lead, arsenic and cadmium.

Compl. ¶ 68. As a result, this action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a); *see Pickman v. Am. Express Co.*, No. No. C 11-05326 WHA, 2012 U.S. Dist. LEXIS 9662, at *5 (N.D. Cal. Jan. 27, 2012) ("The CLRA [(Cal. Civ. Code 1781)] is substantially 'similar' to Rule 23 such that claims brought under the CLRA on behalf of other consumers are class actions.").

### There Are More Than 100 Putative Class Members

15. Plaintiffs allege "[t]he members of the Class are so numerous that separate joinder of each member is impracticable. Plaintiffs are informed and believe that in the County of Los Angeles alone, the members of the Class would easily exceed the minimum numbers to satisfy this requirement." Compl. ¶ 70. Given Plaintiffs' own allegations regarding the size of the class and that they seek to represent a putative class of consumers who purchased baby food from six different baby food companies over a twelve-year period, the putative class undoubtedly consists of over 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### Minimal Diversity of Citizenship Exists

16. According to the Complaint, Plaintiffs are citizens of California. Compl. ¶ 1.

17. By contrast, Gerber is not a California citizen. Rather, Gerber is a corporation organized under the laws of the State of Michigan. *Id.* ¶ 16. Gerber's principal place of business is in Arlington, Virginia. Accordingly, Gerber is a citizen of Michigan and Virginia. *See* 28 U.S.C. § 1332(c) (a corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

18. Thus, CAFA's minimal diversity requirement is satisfied because "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### The Amount in Controversy Exceeds $5 Million

19. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).

20. As the Supreme Court explained in *Dart Cherokee*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. at 89. The "defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias*, 936 F.3d at 922. "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.* at 925.

21. Here, the Complaint asserts claims for monetary damages for Plaintiffs and the putative class members that exceed CAFA's $5 million jurisdictional minimum.

22. The Complaint alleges Defendants represented to consumers that their baby food products were nutritious and healthy, and failed to disclose that the products supposedly contain toxic heavy metals. Compl. ¶ 11; *see also, id.* ¶ 2 (alleging plaintiffs "were led to believe that the Baby Foods from these brands were healthier and safer for consumption"). Plaintiffs assert they purchased or consumed Defendants' baby food "hundreds" of times over the course of the alleged class period, listing no less than 31 different products allegedly purchased or consumed from defendant Gerber alone. *See id.* ¶¶ 3, 4, 8. The Complaint alleges "Plaintiffs would not have purchased these Baby Foods, at times paying premium prices, nor would have consumed these products if they were aware of the presence of the alleged heavy metals, chemicals, and toxins." *Id.* ¶ 12.

23. The Complaint alleges "Plaintiffs' claims are typical of the claims of the Class," which is defined as all persons or entities within the State of California who purchased and/or consumed Defendants' Baby Food from September 2009 through December 2021. *Id.* ¶¶ 68, 70. Plaintiffs thus bring this putative class action against six manufacturers of baby food sold in California for more than a 12-year period, demanding actual or compensatory, statutory, and punitive damages, and disgorgement, among other relief. *Id.* ¶ 177 (Prayer for Relief). Gerber's business records reflect consumers in California spent in excess of $5 million on baby food products manufactured by Gerber during each year of the proposed twelve-year class period alone.

24. Accordingly, based on the facts alleged in this Notice of Removal and the Complaint's allegations, the amount in controversy in this case substantially exceeds $5 million, exclusive of interests and costs.[1]

### CAFA's Exceptions Do Not Apply

25. The exceptions to removal under 28 U.S.C. section 1332(d) do not apply to this case.

---

[1] In the event of a dispute over removal, Gerber reserves the right to submit evidence. *See Arias*, 936 F.3d at 925 ("[E]vidence showing the amount in controversy is required only when the plaintiff contests, or the court questions, the defendant's allegation.").

26. In particular, the "local controversy" exception to CAFA, where more than two-thirds of the putative class members are citizens of the State in which the action was originally filed, does not apply because, even assuming all other conditions are met, "during the 3-year period preceding the filing of that class action, [] other class action[s] [have] been filed asserting the same or similar factual allegations against [] the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii); *see Poe v. Health Net, Inc.*, No. CV 18-9792-R, 2019 U.S. Dist. LEXIS 40773, at *5-6 (C.D. Cal. Mar. 12, 2019) (finding local controversy exception to CAFA did not apply where "related cases . . . [were] filed against overlapping defendants as the instant litigation . . . within the past three years").

27. Here, many class actions asserting the same or similar factual allegations have been filed against Gerber within the three years preceding the filing of this action—and those listed below have been removed, transferred and/or consolidated before Judge Michael S. Nachmanoff in the U.S. District Court for the Eastern District of Virginia—including: *Michelle McCoy et al. v. Gerber Products Company et al.*, No. 1:21-cv-01277 (E.D. Va.), complaint originally filed in California Superior Court on August 17, 2021; *Hartwell-Dennis v. Gerber Products Company*, No. 1:21-cv-01173 (E.D. Va.), complaint filed October 18, 2021; *Inoa et al. v. Gerber Products Company*, No. 1:21-cv-01171 (E.D. Va.), complaint filed October 18, 2021; *Shepard et al. v. Gerber Products Company et al.*, No. 1:21-cv-01104 (E.D. Va.), complaint filed February 5, 2021; *Dempsey et al. v. Gerber Products Company*, No. 1:21-cv-01080 (E.D. Va.), complaint filed September 23, 2021; *Garces et al. v. Gerber Products Company*, No. 1:21-cv-00902 (E.D. Va.), complaint filed August 6, 2021; *Abbott et al. v. Gerber Products Company*, No. 1:21-cv-00789 (E.D. Va.), complaint filed July 6, 2021; *Lawson v. Gerber Products Company*, No. 1:21-cv-00770 (E.D. Va.), complaint filed June 28, 2021; *Cantor et al. v. Gerber Products Company*, No. 1:21-cv-00489 (E.D. Va.), complaint filed April 20, 2021; *Bryan et al. v. Gerber Products Company*, No. 1:21-cv-00478 (E.D. Va.), complaint filed April 19, 2021; *Adams v. Gerber Products Company*, No. 1:21-cv-00410 (E.D. Va.), complaint filed April 2, 2021; *Wilson et al. v Gerber Products Company*, No. 1:21-cv-00372 (E.D. Va.), complaint filed March 25, 2021; *Bryan et al. v. Gerber Products Company*, No. 1:21-cv-00349 (E.D. Va.), complaint filed March 19, 2021; *Hazely*

*et al. v. Gerber Products Company*, No. 1:21-cv-00321 (E.D. Va.), complaint filed March 16, 2021; *Moore v. Gerber Products Company*, No. 1:21-cv-00277 (E.D. Va.), complaint filed March 4, 2021; and, *Keeter v. Gerber Products Company*, No. 1:21-cv-00269 (E.D. Va.), complaint filed March 3, 2021.

28. This action is only one case of many putative class actions filed alleging claims based on similar factual allegations of heavy metals in baby food products. The local controversy exception to CAFA therefore does not apply. *See, e.g., Jadeja v. Redflex Traffic Sys.*, No. C 10-04287 WHA, 2010 U.S. Dist. LEXIS 130248, at *7 (N.D. Cal. Nov. 22, 2010) (local controversy exception did not apply where a previously filed class action "echoe[d] [the current action's] factual allegations in precisely the manner contemplated by Subsection (d)(4)(A)(ii)").

**NON-WAIVER**

29. By submitting this Notice of Removal, Gerber does not waive any objections or defenses, including, but not limited to, personal jurisdiction defenses, and does not admit any of the allegations in the Complaint.

**CONCLUSION**

WHEREFORE, Gerber respectfully requests this case proceed in this Court as an action properly removed from the Superior Court of the State of California for the County of Los Angeles.

Dated: April 6, 2022

WHITE & CASE LLP

By:    */s/ Bryan A. Merryman*
       Bryan A. Merryman

Attorneys for Defendant
GERBER PRODUCTS COMPANY

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Suite 2700, Los Angeles, CA 90071-2433. I am employed by a member of the Bar of this Court at whose direction the service was made.

On **Wednesday, April 06, 2022** I served the foregoing document(s) described as:

**DEFENDANT GERBER PRODUCTS COMPANY'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** on the person(s) below, as follows:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** As a courtesy, I transmitted the document(s) electronically to the person(s) at the e-mail address(es) listed below. The transmission was reported as complete and without error.

☒ **(BY MAIL)** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing at White & Case LLP, Los Angeles, California, following our ordinary business practices. I am readily familiar with White & Case LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

| | |
|---|---|
| Azar Mouzari<br>Nilofar Nouri<br>Beverly Hills Trial Attorneys, P.C.<br>468 N. Camden Drive, Suite 238<br>Beverly Hills, California 90210<br>Tel: 310-858-5567 Fax: 424-286-0963<br>Email: azar@bhtrialattorneys.com<br>Email: nilofar@bhtrialattorneys.com | Counsel for Plaintiffs<br>Stacia Cullors, Layla Cullors, Noelani Cullors, Vivienne Cullors, Anthony Bacani, Dahlia Bacani, Elias Bacani, Jennifer Cullors, Ava Cullors and Joshua Cullors |

Executed **Wednesday, April 06, 2022**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

/s/ *Cynthia Gomez*
Cynthia Gomez

AMERICAS 113788435                                                                PROOF OF SERVICE